**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | CASE NO. 5:22-cr-305 |
| Plaintiff, | ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| JAMES WOODWARD, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant James Woodward's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 39). The Government filed a response in opposition on October 8, 2025. (ECF No. 43). The Court ordered Woodward to file a reply by November 24, 2025. (Order [non-document] dated Oct. 9, 2025). Woodward, however, did not reply. For the reasons below, the Motion to Vacate is **DENIED**.

**I. BACKGROUND**

On June 9, 2022, a federal grand jury issued an indictment charging Woodward with two counts: (i) receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); and (ii) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). (ECF No. 1). Woodward entered a guilty plea to Counts 1 and 2 of the indictment at the June 7, 2023 Change of Plea Hearing. (Minutes of Proceedings [non-document] dated June 7, 2023). On December 14, 2023, the Court sentenced Woodward to a 292-month total term of imprisonment, with 292 months as to Count 1, and 240 months as to Count 2, both to be served concurrently to each other. (ECF No. 31; Minutes of

Proceedings [non-document] dated Dec. 14, 2023). When calculating Woodward's offense level under the U.S. Sentencing Guidelines, the Court found that a five-level enhancement under U.S.S.G. § 2G2.2(3)(B)—which is based on distribution of child pornography for any valuable consideration, but not pecuniary gain—should be applied. (ECF No. 35, PageID #377).

Woodward timely appealed to the Sixth Circuit. (ECF No. 33). On appeal, Woodward raised three arguments: (i) the five sentencing enhancements applied to his sentence should not have been added because they are not unique "specific offense characteristics" to his case; (ii) the Court was required to view Woodward's objections to the "specific offense characteristics" under the rule of lenity; and (iii) Woodward's sentence was cruel and unusual punishment under the Eighth Amendment. App. Opening Brief, Doc. 13, *United States v. Woodward*, No. 23-4018 (6th Cir. Mar. 28, 2024). On July 18, 2025, the Sixth Circuit issued an opinion affirming Woodward's sentence. (*See* ECF No. 38); Opinion, *United States v. Woodward*, No. 23-4018 (6th Cir. July 18, 2024).

On August 1, 2025, Woodward filed his Motion to Vacate, raising two grounds for relief related to his sentence for distribution and possession of child pornography. (ECF No. 39). In Ground One, Woodward argues that he received ineffective assistance of counsel which "caused prejudiced results." (*Id.* at PageID #425). In Ground Two, Woodward fails to provide any arguments or supporting facts and simply states his claim is: "To preserve the right to revisit matters concerning double jeopardy and the application of multiple assessments." (*Id.* at PageID #426). For relief, Woodward requests that the Court "vacate the sentence and make proper amendments." (*Id.* at PageID #430).

2

On October 8, 2025, the Government opposed the Motion to Vacate. (ECF No. 43). The Court set the deadline for Woodward to file a reply in support of the Motion to Vacate as November 24, 2025. (Order [non-document] dated Oct. 9, 2025). He did not file a reply.

## II. LEGAL STANDARD

Section 2255 provides a means by which a prisoner in federal custody may challenge his conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A federal prisoner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate one of four authorized grounds for relief: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A defendant/petitioner must also demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence." *McNeil v. United States*, 72 F. Supp. 2d 801, 804 (N.D. Ohio 1999) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

3

### III. DISCUSSION

#### A. Ground One – Ineffective Assistance of Counsel

In Ground One, Woodward raises an ineffective assistance of counsel claim. (ECF No. 39, PageID #425). Courts analyze ineffective assistance of counsel based on the two-prong test from *Strickland v. Washington*.[1] *See Clardy v. Pounds,* 126 F.4th 1201, 1209 (6th Cir. 2025) (using the *Strickland* test to analyze a petitioner's ineffective assistance of counsel claim). First, a petitioner must show that counsel's performance was deficient, which requires that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, the petitioner must show that deficient performance prejudiced the outcome of the case. *Id.* A determination of prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Demonstrating sufficient prejudice is a "high burden." *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019) ("Proving prejudice is not easy.").

When "an underlying legal claim lacks merit, the failure of the [petitioner's] trial counsel to raise that claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Furthermore, "[n]o prejudice flows from the failure to raise a meritless claim." *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008).

Woodward's claim for ineffective assistance of counsel appears to be separated into four sub-claims. (ECF No. 39, PageID #425). Woodward argues that he received ineffective assistance of counsel when his counsel: (i) miscalculated his criminal history and offense level, influenced a change of plea prior to receiving a Presentence Investigation Report ("PSR"), and stated that the Court would show leniency; (ii) gave warnings about the prosecution including the "Wickr

---

[1] 466 U.S. 668, 104 S. Ct. 2052, L. Ed. 2d 674 (1984).

Conversation" and restated that the Court would be lenient; (iii) failed to challenge the addition of the five-point enhancement from the Wickr Conversation; and (iv) failed to object to "irrelevant bias questioning and statements by [the Court] during sentencing." (*Id.*). The first two sub-claims focus on statements and representations made by Woodward's counsel before he entered a guilty plea and appear to be arguments that counsel improperly influenced Woodward to enter a guilty plea. (*Id.*). The Court will address the first two sub-claims together before moving to the final sub-claims.

### 1. *Pre-Plea Representations*

In the first two sub-claims, Woodward states that his counsel was ineffective for: (i) miscalculating his criminal history and offense level prior to receiving a PSR; (ii) stating the Court would be lenient during sentencing; (iii) stating the sentence would be around 11 to 14 years; (iv) warning Woodward that going to trial would result in a harsh sentence; and (v) warning Woodward that the prosecution threatened to "supersede the PSR" to include the Wickr Conversation. (ECF No. 39, PageID #425). As an initial matter, these sub-claims fail because the only relief that Woodward requests is a vacatur of his sentence. (*Id.* at PageID #430). The Motion to Vacate does not request a vacatur of Woodward's conviction or a withdrawal of his guilty plea. Any alleged ineffective assistance of counsel related to influencing Woodward to enter a guilty plea had no effect and has no relation to the sentence imposed by the Court. Thus, the instant sub-claims are irrelevant to the Motion to Vacate and the relief requested. On this basis alone, the sub-claims could be denied.

The Court also finds that these sub-claims fail because Woodward has not raised a claim that his guilty plea was invalid and should be withdrawn. Even if he had raised such a claim, it would fail on the merits. A guilty plea is valid only if it is entered knowingly, voluntarily, and

intelligently. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A valid guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Such a plea must also reflect "sufficient awareness of the relevant circumstances and likely consequences" of entering the plea. *Brady*, 397 U.S. at 748. A court must assess the validity of the plea by reviewing the totality of the circumstances surrounding the plea. *Id.* at 749.

The transcript of Woodward's plea hearing reflects that his guilty plea was knowing, voluntary, and intelligent. During the change of plea hearing, Woodward confirmed that no promises had been made to induce him to enter a guilty plea and that his plea was knowing, voluntary, and of his own free will. (ECF No. 42, PageID #459–60). Woodward stated that he was satisfied with the representation of his counsel. (*Id.* at PageID #459). The Court had a thorough discussion with Woodward about the Guidelines calculations, how those calculations are performed, how any calculations provided at the plea hearing were merely an estimate of the applicable offense level and criminal history category, and that the final determination could and would not be made until after the Probation Office had prepared and submitted a PSR. (*Id.* at PageID #466–75). Woodward also confirmed several times that he understood he was facing a 15-year minimum sentence. (*Id.* at PageID #461, 476).

Woodward is bound by the statements he made during the plea colloquy. *See United States v. Todaro*, 982 F.2d 1026 (6th Cir. 1993). His sworn statements before the Court during his change of plea hearing are also entitled to a strong presumption of truth, and Woodward has presented insufficient evidence to overcome that presumption. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) ("Solemn declarations in open court carry a strong presumption

6

of verity."). Despite Woodward's assertions that his counsel made several pre-plea representations that may have influenced his decision to plead guilty, the discussion at the plea colloquy and Woodward's own statements demonstrate that he fully understood the relevant circumstances and direct consequences of a guilty plea, he was fully aware of the specific charges against him and the potential penalties he faced, and that he made an intelligent and knowing decision among alternative courses of action. *See Alford*, 400 U.S. at 31; *Brady*, 397 U.S. at 748; *see also Tiran v. McQuiggin*, No. 11-1850, 2012 U.S. App. LEXIS 27464, at *5–6 (6th Cir. July 18, 2012) ("A defendant's statements on the record during a plea colloquy that he understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing."). Thus, any claim of ineffective assistance of counsel based on the alleged pre-plea statements fails.

Alternatively, courts have consistently held that a counsel's inaccurate prediction of the offense level, criminal history category, and estimated sentence does not constitute ineffective assistance of counsel under *Strickland*. *See, e.g.*, *United States v. Awad*, No. 91-1856, 1992 U.S. App. LEXIS 32296, at *2 (6th Cir. Nov. 30, 1992) ("However, counsel's alleged inaccurate prediction of the sentencing guideline range, standing alone, does not constitute ineffective assistance of counsel."); *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir.1999) ("[A]n attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim."); *Thomas v. United States*, 27 F.3d 321, 325–26 (8th Cir. 1994); *Gonzalez v. United States*, 33 F.3d 1047, 1051–53 (9th Cir.1994) ( holding that a petitioner cannot claim prejudice by a counsel's gross miscalculation of the sentencing guidelines range where the district court informed the defendant of the possible penalties faced if a guilty plea was entered, the defendant confirmed his understanding, and the defendant stated his satisfaction with counsel's representation); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990)

(holding that an attorney's inaccurate prediction of the sentence did not constitute ineffective assistance of counsel or demonstrate prejudice). The record also belies Woodward's claim, as his counsel stated that they had discussed, at great length, the mandatory minimum 15-year sentence on Count 1, which undercuts his statement that his counsel predicted a sentence in the range of 11 to 14 years. (ECF No. 42, PageID #469). As discussed above, Woodward confirmed he understood that he faced a minimum 15-year sentence during the plea hearing.

As for counsel's statements about the prosecution threatening to file a superseding indictment, promises of leniency, or the threat of a harsher sentence if the case went to trial, Woodward fails to provide sufficient factual averments or legal arguments to support his claim that these actions constitute ineffective assistance of counsel. The Court finds that these statements did not unduly influence Woodward to enter a guilty plea, particularly in light of the record and Woodward's own statements during the plea colloquy, and they otherwise do not constitute ineffective assistance of counsel. *See Highers v. Kapture*, 93 F. App'x 48, 50 (6th Cir. 2004) ("Moreover, there is no constitutional requirement that a defendant be affirmatively disabused of the idea that he will get more lenient treatment if he waives a jury trial." (citing *United States v. Martin*, 704 F.2d 267, 274 (6th Cir. 1983)). For the above reasons, the first two sub-claims fail.

    2.    *Failure to Challenge Five-Point Enhancement*

In this sub-claim, Woodward states that his counsel was ineffective for failing to challenge the five-point enhancement in the PSR. (ECF No. 39, PageID #425). Woodward is referring to the five-level enhancement under U.S.S.G § 2G2.2(b)(3)(B) for distribution in exchange for any valuable consideration, but not for pecuniary gain. (ECF No. 30, PageID #315, ¶ 24). This sub-claim fails because the record contradicts Woodward's assertion. Woodward's counsel specifically objected to the PSR's inclusion of the five-point enhancement under U.S.S.G

§ 2G2.2(b)(3)(B). (ECF No. 30, PageID #338). Moreover, Woodward's counsel subsequently objected to the inclusion of all the sentencing enhancements, including the five-point enhancement, during the sentencing hearing. (ECF No. 35, PageID #366–69). Woodward's counsel even argued against the inclusion of the five-point enhancement in the appeal before the Sixth Circuit. App. Opening Brief, Doc. 13 at Page 18, *United States v. Woodward*, No. 23-4018 (6th Cir. Mar. 28, 2024). Thus, this sub-claim fails.

        3.       *Failure to Object to Comments during Sentencing*

In this final sub-claim, Woodward states that his counsel was ineffective because he did not object to "irrelevant bias questioning and statements" by the Court during the sentencing hearing. (ECF No. 39, PageID #425). Woodward does not cite or otherwise identify the specific, allegedly biased questions and statements made during the sentencing hearing. Because Woodward fails to provide any factual support or specific details to support his claim, his claim is legally insufficient on its face. *See Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) ("Conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (cleaned up)); Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 (2025). This sub-claim also fails because Woodward has not explained how the allegedly biased questions and statements affected the outcome of his sentencing. Thus, he has also failed to establish the requisite prejudice for an ineffective assistance of counsel claim.

In sum, the sub-claims in Ground One fail because they are irrelevant to the relief requested in the Motion to Vacate. Woodward did not move to withdraw his guilty plea, and any potential claim for withdrawal of Woodward's guilty plea would fail on the merits. The claims lack

9

sufficient factual and legal support, or they otherwise fail on the merits. Therefore, Woodward's claims of ineffective assistance of counsel fail and Ground One is **DENIED**.

### B. Ground Two – To Preserve Double Jeopardy and Multiple Assessment Claims

Ground Two is titled: "To preserve the right to revisit matters concerning Double Jeopardy and the application of multiple assessments." (ECF No. 39, PageID #426). Under supporting facts, Woodward simply states that his claim is "[t]o preserve the ability to revisit matter in a *certiorari* or *en banc* matter." (*Id.*). The Government argues that the Court should deny Ground Two because Woodward fails to provide factual or legal support for this claim. (ECF No. 43, PageID #511–12). The Court agrees with the Government.

It is unclear whether Woodward intended to make any argument in Ground Two or if he simply intended to preserve certain claims for future appellate review. Regardless, Woodward fails to state a valid claim in Ground Two because he has failed to provide any factual support or legal argument for his claim. *See Gabrion*, 43 F.4th at 578; Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 (2025). Because Woodward's claim fails as a matter of law, Ground Two is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Woodward's Motion to Vacate (ECF No. 39) is **DENIED**. The Court also finds that "reasonable jurists" would not debate the dismissal of the Motion to Vacate and therefore **CERTIFIES** that an appeal from this decision cannot be taken in good faith. Therefore, there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: December 8, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

11